UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **SCOTTY P. BROUSSARD** | **CIVIL ACTION NO. 6:14-cv-2465** |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **KARA M. FREDERICK** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Scotty P. Broussard, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 11, 2014. Plaintiff is an inmate in the Natchitoches Parish Detention Center awaiting trial on charges of cyberstalking. He sued the defendant, Kara M. Frederick, who is apparently the complainant. He seeks "reimbursement" of the money he spent as a result of false criminal charges filed against him by Ms. Frederick from 2012 until the present. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff's original petition (Doc. 1) implies that Ms. Frederick charged him with home invasion and domestic battery in June 2012; he posted a $25,000 bond but he was never arraigned on those charges. Thereafter, in July 2012, Ms. Frederick charged him with simple rape.  He posted a $50,000 bond but those charges were dropped and he was never arraigned. On June 20, 2011 he was charged with 14 counts of terrorizing by the Erath City Police Department. He posted a $100,000 bond but the charges were dismissed because Ms. Frederick failed to

appear in Court. Over the course of some unspecified period of time plaintiff posted four peace bonds, all of which were violated by Ms. Frederick. Plaintiff also implied that Ms. Frederick owes him $4500 for a jeep and $5000 for a Dodge Durango. He also alleged that Ms. Frederick is liable to him for defamation, slander, and public humiliation because plaintiff's picture and the facts of his arrest were published in the Abbeville Meridional Newspaper and this "inhibited" him from employment in Vermilion Parish. He also claimed that his current incarceration is the fault of Ms. Frederick and, her father spoke to the judge who set plaintiff's current bond at $50,000.

He concluded his complaint praying for "... the bond money spent on the charges as well as other money stated... [and] my inheritance from my grandfather including over $20,000 in Texaco-Chevron stock forfeited for bond money approximately $25,000... [and] pain, suffering, loss of income, loss of pharmacy license ... $250,000..." He also requests a life-time injunction barring contact between he and Ms. Frederick.

His amended complaint [Doc. 2] stated no claim but reiterated the damages set forth in his original complaint and computed the total damages at $250,000.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. State Actor/Defamation*

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Thus, only so-called "state actors" maybe sued for federal civil rights violations under 42 U.S.C. § 1983. A private citizen, like this defendant, becomes a "state actor" only when her conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999).

A private party does not act under color of law or become a "state actor" simply by

invoking state authority. *See Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1078–79 (5th Cir.1985) ("The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action."). In short, plaintiff's claim against this defendant is frivolous.

Further, plaintiff's cause of action is for defamation based upon the allegedly false statements made by the defendant to the police. The alleged injury to a plaintiff's interest in reputation does not result in a deprivation of any "liberty" or "property" recognized by the Fourteenth Amendment or any federal law and, therefore, cannot form the basis of a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976).

In other words, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana October 27, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE